UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LATANYA M. EVANS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 2:21-cv-00172 |
| MIRAMED REVENUE GROUP, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

# COMPLAINT

**NOW COMES** Latanya M. Evans ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of MiraMed Revenue Group ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Indiana.

1

5. Defendant is a debt collection liability company organized under the laws of the state of Illinois with its principal place of business located at 360 E. 22nd Street Lombard, Illinois 60148. Defendant collects upon consumer debt throughout the United States, including those residing in Indiana.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. Prior to the events giving rise to this cause of action, Plaintiff incurred a medical debt from Franciscan Physician Network for approximately $2,000.00 ("subject debt").

9. Thereafter, Plaintiff fell behind on payments and defaulted on the subject debt.

10. Subsequently, Defendant acquired the right to collect on the subject debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 5822.

12. In or around August 2020, Defendant began placing phone calls to Plaintiff's cellular phone in an attempt to collect on the subject debt.

13. Plaintiff received a voicemail from Defendant in which she returned the call and asked Defendant to stop calling her number.

14. On January 27, 2021, Plaintiff began receiving text messages from (855) 200-8669 alerting her that the message was from Defendant working on behalf of Franciscan Physician Network and to visit their website or call (833) 581-0093.

15. Plaintiff replied to the January 27, 2021, text message with "stop," in an attempt to revoke consent from Defendant's effort to collect on subject debt through text message.

16. Defendant responded with "You replied with the word 'stop' which blocks all texts sent from this number."

17. On February 23, 2021, Plaintiff received *another* text message from Defendant, this time from (855) 200-8667, stating that the message was the Defendant working on behalf of Franciscan Physician Network and to visit their website or call (833) 581-0093.

18. Notwithstanding Plaintiff's request, Defendant continued placing text messages to her cellular phone and contacted her on March 13, 2021, from (855) 200-8667 conveying the same message as the prior text messages.

19. On March 23, 2021, Plaintiff received *another* message from (855) 200-8668 stating the message was from Defendant who is working on behalf on Franciscan Physician Network and to visit their website or call (833) 581-0093.

20. Subsequently, Plaintiff continued to receive the same text message from Defendant on April 1 and April 28, 2021.

21. On May 12, 2021, Plaintiff received *another* text message from Defendant expressing the same message as prior text messages through a SMS code of "64669."

22. Plaintiff has been unfairly and unnecessarily harassed through Defendant's repeated actions.

## DAMAGES

23. Defendant's harassing text messages have severely disrupted Plaintiff's daily life and general well-being.

3

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by text messages, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services.

25. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect a delinquent medical debt allegedly owed to a third party.

30. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

31. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

33. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and f through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

34. Defendant violated §1692c(a)(1) when it continuously contacted Plaintiff after being notified to stop. This repeated behavior of systematically texting Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of text messages with the specific goal of oppressing and abusing Plaintiff into paying the subject debt immediately.

35. Furthermore, Defendant has relentlessly texted Plaintiff on numerous occasions. The frequency and volume of the text messages show that the Defendant willfully ignored Plaintiff's pleas with the intent to annoy, abuse and harass her.

36. Defendant was notified by Plaintiff that its text messages were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

    b. **Violations of FDCPA §§ 1692d and 1692d(5)**

37. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly texting Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless text messages after Plaintiff replied to Defendant with "stop," in an attempt to cease the harassing messages.

38. Defendant violated § 1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Defendant continued placing the relentless text messages after Plaintiff replied to Defendant with "stop," in an attempt to cease the harassing messages.

39. As pled above, Plaintiff was severely harmed by Defendant's conduct.

40. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection text messages to Plaintiff after it was informed to cease placing such messages.

41. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection text messages to consumers in Indiana in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

    c. **Violations of FDCPA § 1692f**

42. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly texting Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and harass Plaintiff.

**WHEREFORE**, Plaintiff Latanya M. Evans respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
    d. Award any other relief as the Honorable Court deems just and proper.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Defendant repeatedly placed or caused to be placed frequent non-emergency text messages, including but not limited to the text messages referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded messages without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

46. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

47. Defendant violated the TCPA by placing numerous text messages to Plaintiff's cellular phone between January 2021 and the present day, using an ATDS without her prior consent.

48. Any prior consent, if any, was revoked by Plaintiff's responsive revocations. Specifically, Plaintiff replied to Defendant's text message with "stop," revoking consent to be contacted on her cellular phone.

49. Defendant used equipment with the ability to store or produce cellular telephone number to be used at random or sequential number generator and to dial such numbers without human intervention, as evidenced by the high number of text messages, the generic and impersonal nature of the message, and the Defendant's use of SMS code.

50. As pled above, Plaintiff was severely harmed by Defendant's collection messages to her cellular phone by experiencing annoyance, harassment and aggravation.

51. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

52. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

53. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per violation. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff Latanya M. Evans respectfully requests this Honorable Court for the following relief:

a. Declare Defendant's text messages to Plaintiff to be a violations of the TCPA;
b. Award Plaintiff damages of at least $500 per text message and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 21, 2021

Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 537-1770
mdaher@sulaimanlaw.com

/s/ Omar T. Sulaiman
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8141
osulaiman@sulaimanlaw.com